continuing wrongful acts within the period limited by the statute . . . recovery is not barred." *Id.* at 258.

Although the damages in *Defnet* did not involve personal injury, as in this case, I see no reason why the continuing wrongful act doctrine should be limited to property damage cases. Moreover, the applicable limitation period in this case applies to "action[s] to recover damages for injuries to persons *or* property." MCL 600.5805(1); MSA 27A.5805(1). (Emphasis added.)

Statutes of limitation are guidelines to be employed not only for protecting the rights of the parties, but also for convenience and judicial economy. I recognize the necessity of encouraging plaintiffs to promptly commence employment-related personal injury actions. See *Larson v Johns-Manville Sales Corp,* 427 Mich 301 (1986). However, period of limitation which protect against stale or fraudulent tort claims should not apply where a defendant's allegedly tortious conduct is of a continuing nature.

For the foregoing reasons, I dissent.

Reconsideration denied October 17, 1991.

JEFFERSON v CITY OF DETROIT, No. 90764; Court of Appeals No. 127765. Reconsideration denied November 25, 1991.

GARRATT v KREGOSKI, No. 90936; Court of Appeals No. 136363.

LEVIN, J. I would remand this case to the Court of Appeals for consideration as on leave granted.

*In re* ANONYMOUS MICHIGAN ATTORNEY, No. 91704. The motion to suppress or seal the record is also denied. Court of Appeals No. 140309.

*Summary Dispositions September 20, 1991:*

PEOPLE v ANDREW JONES, No. 90221. In lieu of granting leave to appeal, the case is remanded to the Court of Appeals for reconsideration in light of *People v Milbourn,* 435 Mich 630 (1990). MCR 7.302(F)(1). In all other respects leave to appeal is denied. Court of Appeals No. 112377.

PEOPLE v BARNES, No. 90394. In lieu of granting leave to appeal, the case is remanded to the Court of Appeals for reconsideration in light of *People v Milbourn,* 435 Mich 630 (1990). MCR 7.302(F)(1). In all other respects leave to appeal is denied. Court of Appeals No. 111897.

*In re* FORFEITURE OF $19,250, No. 90662. In lieu of granting leave to appeal, the case is remanded to the Court of Appeals for consideration as on leave granted. MCR 7.302(F)(1). Court of Appeals No. 131386.

*Leave to Appeal Denied September 20, 1991:*

LUNA v SAGINAW COUNTY AGRICULTURAL SOCIETY, No. 90638; Court of Appeals No. 116013.